UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOLLY WINN,<br><br>                                Plaintiff,<br><br>- against -<br><br>HEARST COMMUNICATIONS, INC.,<br><br>                                Defendant. | Docket No. 17-cv-01874<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Molly Winn ("Winn" or "Plaintiff"), by and through her undersigned counsel, as and for her Complaint against Defendant Hearst Communications, Inc. ("Hearst" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1.       This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of twenty-four (24) copyrighted photographs of Chip and Joanna Gaines' farmhouse, owned and registered by Winn, a Texas photographer. Accordingly, Winn seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2.       This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.       This Court has personal jurisdiction over Defendant because Defendant resides in and/or is doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Winn is a professional photographer in the business of licensing her photographs to online, print, and television stations for a fee, having a usual place of business at 2514 Colcord Avenue, Waco, Texas 76707. Winn's photographs have appeared in many publications around the United States.

6. Upon information and belief, Hearst is a corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 300 West 57th Street, New York 10019. Upon information and belief, Hearst is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, Hearst has owned and operated digital magazines at the following URLs: www.countryliving.com (the "Country Living Website") and www.goodhousekeeping.com (the "Good Housekeeping Website" and, together with the Country Living Website, the "Websites").

## STATEMENT OF FACTS

**A.    Background and Plaintiff's Ownership of the Photograph**

7. On February 28, 2014, Winn photographed Chip and Joanna Gaines'[1] Texas farmhouse (the "Farmhouse Photographs"). True and correct copies of the Farmhouse Photographs are attached hereto as Exhibits A1 through A4.

8. Winn is the author of the Farmhouse Photographs and has at all times been the sole owner of all right, title and interest in and to the Farmhouse Photographs, including the copyrights thereto.

---

1. Chip and Joanna Gaines are the co-stars of HGTV's *Fixer-Upper*, a reality television series.

9.     The Farmhouse Photographs were registered with the U.S. Copyright Office and were given pending Copyright Registration Number 1-4468185341.

**B.     Defendant's Infringing Activities**

10.    Upon information and belief, on November 29, 2016, Hearst ran an article on the Country Living Website entitled, "Tour Chip and Joanna Gaines' Farmhouse." The article prominently featured the Farmhouse Photographs. Screenshots of Hearst's article displaying the Farmhouse Photographs are attached hereto as Exhibit B.

11.    Upon information and belief, on or about September 18, 2015, Hearst ran an article on the Good Housekeeping Website entitled, "An Up-Close Tour of Chip and Joanna Gaines' Farmhouse." See http://www.goodhousekeeping.com/home/g2727/chip-joanna-gaines-farmhouse-tour/. Upon information and belief, this article also prominently featured the Farmhouse Photographs.

12.    Hearst did not license the Farmhouse Photographs from Plaintiff for its articles and did not have Plaintiff's permission or consent to publish the Farmhouse Photographs on its Websites.

**CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST HEARST)**
**(17 U.S.C. §§ 106, 501)**

13.    Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14.    Hearst infringed Plaintiff's copyrights in the Farmhouse Photographs by reproducing and publicly displaying the Farmhouse Photographs on its Websites. Hearst is not, and has never been, licensed or otherwise authorized to reproduce, publicly display, distribute and/or use the Farmhouse Photographs.

15. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16. Upon information and belief, the foregoing acts of infringement by Hearst have been willful, intentional, and purposeful, in disregard of and with indifference to Plaintiff's rights.

17. As a result of Defendant's infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to recover her damages and Defendant's profits pursuant to 17 U.S.C. § 504(b).

18. Plaintiff further is entitled to recover her attorney's fees and full costs pursuant to 17 U.S.C. § 505.

19. Defendant's conduct, described above, is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated or measured in money damages. Plaintiff has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Hearst be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. That Plaintiff be awarded her actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph;

3. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

4. That Plaintiff be awarded her costs, expenses and attorney's fees pursuant to 17 U.S.C. § 505;

5. That Plaintiff be awarded pre-judgment interest; and

6. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).


Dated: March 17, 2017
Valley Stream, New York

        LIEBOWITZ LAW FIRM, PLLC

        By: /s/     Kamanta C. Kettle
            Kamanta C. Kettle

        Kamanta C. Kettle
        11 Sunrise Plaza, Suite 305
        Valley Stream, New York 11580
        Telephone:  (516) 233-1660
        KK@LiebowitzLawFirm.com

*Attorneys for Plaintiff Molly Winn*