IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MOLLY WINN,

Plaintiff,

v.

HEARST COMMUNICATIONS, INC.,

Defendant.

C.A. No. 1:17-cv-01874-VM

**JURY TRIAL DEMANDED**

**DEFENDANT'S ANSWER AND DEFENSES**

Defendant Hearst Communications, Inc. ("Hearst"), by and through its undersigned counsel, hereby answers the March 21, 2017 Amended Complaint (the "Complaint") filed against it in this action by Plaintiff Molly Winn ("Plaintiff") and asserts its denials and defenses thereto:

Except as expressly admitted in the following enumerated Paragraphs 1-19, which correspond to the numerical paragraphs of the Complaint, Defendant denies each and every allegation in the Complaint, including allegations contained in any headings or in unnumbered paragraphs of the Complaint.

**NATURE OF THE ACTION**

1. To the extent Paragraph 1 asserts a legal conclusion, no response is required. Hearst admits that this action purports to assert claims for copyright infringement and seek monetary damages under the federal Copyright Act. Hearst otherwise denies the factual allegations in Paragraph 1.

**JURISDICTION AND VENUE**

2. To the extent Paragraph 2 asserts a legal conclusion, no response is required. Hearst admits that this action purports to assert claims pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, and that this Court generally has subject matter jurisdiction over federal copyright infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338(a). Hearst otherwise denies the factual allegations in Paragraph 2.

3. To the extent Paragraph 3 asserts a legal conclusion, no response is required. Hearst admits that it conducts business within the State of New York and that this Court has personal jurisdiction over it.

4. To the extent Paragraph 4 asserts a legal conclusion, no response is required. Hearst admits that venue is proper in this District over the claims asserted against it by Plaintiff in the Complaint.

**PARTIES**

5. Hearst lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 and therefore denies them.

6. Hearst admits the allegations in Paragraph 6.

**STATEMENT OF FACTS**

**A. Background and Plaintiff's Ownership of the Photograph**

7. Hearst admits that Exhibits A1 through A4 referenced in Paragraph 7 appear to be copies of photographs, states that those photographs speak for themselves, refers to those photographs for their true and complete contents, and expressly denies any characterization of those photographs by Plaintiff. Hearst otherwise lacks knowledge or information sufficient to

form a belief about the truth of the allegations in Paragraph 7 (including in footnote 1) and therefore denies them.

8. Hearst lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 and therefore denies them.

9. Hearst lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 and therefore denies them.

**B. Defendant's Infringing Activities**

10. Hearst admits that on November 29, 2016, it published a digital article on www.countryliving.com entitled "Tour Chip and Joanna Gaines' Farmhouse", and that Exhibit B referenced in Paragraph 10 appears to be a copy of that article as it appears on mobile devices. Hearst states that that article and Exhibit B speak for themselves, refers to those documents for their true and complete contents, and expressly denies any characterization of those documents by Plaintiff. To the extent further response is required, Hearst denies the allegations in Paragraph 10.

11. Hearst admits that it published a digital article at http://www.goodhousekeeping.com/home/g2727/chip-joanna-gaines-farmhouse-tour/ entitled "An Up-Close Tour of Chip and Joanna Gaines' Farmhouse." Hearst states that that article speaks for itself, refers to that document for its true and complete contents, and expressly denies any characterization of that document by Plaintiff. To the extent further response is required, Hearst denies the allegations in Paragraph 11.

12. Hearst admit that it did not directly license the photographs at issue in this case or directly obtain permission from Plaintiff to use them. Hearst otherwise lacks knowledge or

information sufficient to form a belief about the truth of the allegations in Paragraph 12 and therefore denies them.

**CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST HEARST)**
**(17 U.S.C. §§ 106, 501)**

13. Hearst incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein. Paragraph 13 fails to state any allegation of fact and is therefore denied.

14. Hearst denies the allegations in Paragraph 14.

15. To the extent Paragraph 15 asserts a legal conclusion, no response is required. Hearst denies the factual allegations in Paragraph 15.

16. Hearst denies the allegations in Paragraph 16.

17. To the extent Paragraph 17 asserts a legal conclusion, no response is required. Hearst denies the factual allegations in Paragraph 17.

18. To the extent Paragraph 18 asserts a legal conclusion, no response is required. Hearst denies the factual allegations in Paragraph 18.

19. To the extent Paragraph 19 asserts a legal conclusion, no response is required. Hearst denies the factual allegations in Paragraph 19.

**PRAYER FOR RELIEF**

Hearst denies any factual allegations contained in any paragraph or un-numbered heading of the Complaint except as expressly admitted above. Hearst also denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE paragraph on the fourth and fifth pages of the Complaint and subparts 1-6 thereto, or to any other relief.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury on all issues so triable.

## DEFENSES

Hearst incorporates by reference its foregoing responses to the paragraphs of the Complaint as if fully set forth herein. Hearst asserts the following affirmative and other defenses to the claims asserted in the Complaint, without assuming any burden of pleading or proof that would otherwise rest on Plaintiff.

### First Defense (Failure to State a Claim)

The Complaint fails to state a claim against Hearst upon which relief may be granted and fails to meet the pleading standards of the Federal Rules of Civil Procedure.

### Second Defense (Non-Infringement)

Hearst does not infringe and has not infringed any valid, enforceable copyright, statutory, common law, or otherwise.

### Third Defense (No Willfulness)

Any infringement by Hearst was inadvertent and not willful.

### Fourth Defense (License)

Hearst has or had a valid license, express or implied, to publish the photographs referenced in the Complaint.

### Fifth Defense (Fair Use)

Plaintiff's claims are barred, in whole or in part, by the doctrine of fair use.

### Sixth Defense (Estoppel, Consent, Res Judicata, Waiver)

Plaintiff's claims are barred, in whole or in part, by the doctrines of equitable estoppel, consent, res judicata, waiver, and collateral estoppel.

**Seventh Defense (Failure to Mitigate)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to mitigate her damages, if any.

**Eighth Defense (Release)**

Plaintiff's claims are barred, in whole or in part, to the extent she has released, settled, entered into an accord and satisfaction or otherwise compromised her claims by any means.

**Ninth Defense (No Registration)**

Plaintiff's claim for attorneys' fees is barred because the photographs at issue were not timely registered with the United States Copyright Office.

**Tenth Defense (No Actual Damages)**

Plaintiff has suffered no actual damages.

**Reservation of Additional Defenses**

Hearst hereby reserves the right to assert additional affirmative and other defenses as discovery proceeds in this case.

Respectfully submitted,

/s/ Ravi V. Sitwala

Jonathan R. Donnellan
Ravi V. Sitwala
Jennifer D. Bishop
The Hearst Corporation
Office of General Counsel
300 West 57th Street, 40th Floor
New York, NY 10019
Tel: (212) 841-7000
Fax: (212) 554-7000
jdonnellan@hearst.com
rsitwala@hearst.com

*Counsel for Defendant*

Dated: April 13, 2017

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on April 13, 2017.

/s/ Ravi V. Sitwala
Ravi V. Sitwala